[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2006
THOMAS K. KAHN
CLERK

No. 05-11120
Non-Argument Calendar

_____

D. C. Docket No. 04-00333-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN SILVA,
a.k.a. Martin Silvestre Ruis,
a.k.a. Martin Silva-Gomez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 25, 2006)**

Before CARNES, BARKETT  and PRYOR, Circuit Judges.

PER CURIAM:

Martin Silva appeals his conviction and 41-month sentence for unlawful re-entry into the United States by a previously-deported convicted felon, in violation of 8 U.S.C. § 1326. We find no merit to the four arguments Silva makes on appeal.

First, we reject Silva's argument that 8 U.S.C. § 1326 is unconstitutional as it relates to aliens who previously have committed an aggravated felony. This court has repeatedly upheld the continuing validity of Almendarez-Torres v. United States, 523 U.S. 224, (1998) which carved out an exception for recidivism to the rule that the government must plead and prove facts to enhance convictions. See United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005); United States v. Camacho-Ibarquen, 410 F.3d 1307 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005).

Second, we reject Silva's argument, made for the first time on appeal, that because he committed his offense while the guidelines were mandatory, ex post facto principles required that his sentence not be higher than the constitutionally applied maximum of the guideline range, based only on facts that were alleged in the indictment and admitted by him at the plea hearing. We have previously addressed and rejected this argument in United States v. Duncan, 400 F.3d 1297, 1307-1308 (11th Cir.) cert. denied, 126 S.Ct. 432 (2005).

Third, we find meritless Silva's argument that the enhanced maximum penalty prescribed by § 1326 (b) for aliens who have committed an aggravated penalty violates or otherwise implicates the Double Jeopardy Clause of the Constitution. We have stated that consideration of prior convictions as relevant conduct in calculating a guideline sentence does not violate the Double Jeopardy Clause. See United States v. Fuentes, 107 F.3d 1515, 1522 (11th Cir. 1997). Moreover, the Supreme Court specifically held, in Almendarez-Torres, that § 1326(b) is a penalty provision, authorizing a court to increase the sentence for a recidivist, but does not define a separate crime.

Finally, we do not find that Silva's sentence was unreasonable under the 18 U.S.C. § 3553(a). [1] A sentencing court must consider the factors found in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established . . . [from the Guidelines]; and (5) any pertinent policy

---

[1] We reject the government's argument that this court lacks jurisdiction to entertain Silva;s argument that the sentence imposed was unreasonable. See United States v. Martinez, No. 05-12706, 2006 WL 39541 (11th Cir. Jan. 9, 2006).

3

statement . . . issued by the Sentencing Commission . . . .

We find that the sentence in this case was not unreasonable under the facts of this case.

**AFFIRMED.**